Case 2:23-cr-00004-JMS-CMM   Document 146   Filed 10/22/24   Page 1 of 4 PageID #: 857

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

United States of America
v.
KERRI MILLER

Case No: 2:23-cr-0004-JMS-CMM-01
USM No: 36537-510

Date of Original Judgment: 11/02/2023
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Joseph Cleary (prior)
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 10/22/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:23-cr-00004-JMS-CMM |
| | ) | |
| KERRI MILLER (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Kerri Miller (01) has filed a Motion to Reduce Sentence based on USSC Amendment 821. [101].[1] Ms. Miller was convicted of conspiracy to possess with intent to distribute and to distribute controlled substances. [87]. She received a sentence of 96 months. [Id]. She seeks a relief under Amendment 821, seeking a 2 point reduction in base offense level. [101]. The Government has filed a Response in Opposition in which it asserts she is ineligible because the amendment does not apply to Ms. Miller. [144].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine

---

[1] The Court appointed the Indiana Federal Community Defender to represent Ms. Miller. [102]. Counsel was later granted leave to withdraw. [139]. Ms. Miller was afforded an opportunity to supplement her petition following the withdrawal [140], which she did not.

whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making ther determination the Court must heed the binding instructions of the Sentencing Commission codified [*3] at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827. One such factor includes the defendant's post-sentencing conduct. *See Pepper v. United States*, 562 U.S. 476, 492, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011).

FAs to the step one analysis under *Dillon*, the Court agrees with the United States that Ms. Miller is ineligible for resentencing as her original Guidelines range was not lowered by a subsequent act of the Sentencing Commission. Part A to Amendment 821 provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). As Ms. Miller did not receive status points, Part A of the amendment does not apply to her.

In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-level reduction in offense level for many offenders who present zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal hertory points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). But Ms. Miller received 2 criminal history points. [110 ¶ 36.] Thus, Part B to Amendment 821 did not change Miller's guideline range.

For the foregoing reasons, Ms. Miller's Motion to Reduce Sentence [101] is **DENIED.**

IT IS SO ORDERED.

Date: 10/22/2024

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

<u>By U.S. Mail to:</u>
Kerri Miller
Reg. No. 36537-510
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX  76127

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Kathryn.olivier@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov